IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY BACK INSTITUTE a/s/o JUAN RODRIGUEZ,<br><br>Plaintiff(s),<br><br>v.<br><br>HORIZON BLUE CROSS BLUE SHIELD INSURANCE COMPANY; ABC CORP. (1-10) (Said names being fictitious and unknown entities),<br><br>Defendant(s). | Civil Action No.: |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant Horizon Blue Cross Blue Shield of New Jersey ("Horizon"), improperly identified in the Complaint as "Horizon Blue Cross Blue Shield Insurance Company," by its undersigned counsel, hereby files this Notice of Removal pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446 in the Office of the Clerk of the United States District Court for the District of New Jersey, for removal of the above-captioned litigation from the Superior Court of New Jersey, Essex County, Law Division, Docket No.: L-4827-12 where it is now pending to the United States District Court for the District of New Jersey.

## INTRODUCTION

1. This action was brought against Horizon by Plaintiff New Jersey Back Institute as the alleged assignee of patient Juan Rodriguez to recover benefits for services rendered at the New Jersey Back Institute on unspecified dates of service. Juan Rodriguez received health benefits from Horizon through his employment with Home Care Industries under the terms of an

employee benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. ("ERISA"). Among other things, Horizon provides health care benefits for beneficiaries of employee benefit plans governed by ERISA. Because Plaintiff seeks to recover benefits due under an ERISA-governed employee benefit plan, this Court may exercise removal jurisdiction over the action.

## PARTIES

2. Plaintiff New Jersey Back Institute ("NJBI") is a physician's office located at 15-01 Broadway, Fair Lawn, New Jersey 07410. Plaintiff specializes in the treatment of spinal injuries and allegedly performs various surgical services at their office. (Complaint, ¶ 1).

3. Defendant Horizon Blue Cross Blue Shield of New Jersey ("Horizon") is a not-for-profit health services corporation organized and existing under the laws of the State of New Jersey with its principal place of business located at 3 Penn Plaza East, Newark, New Jersey. Horizon, among other things, provides health benefits and administers benefits for participants and beneficiaries of employee benefit plans governed by ERISA.

## PROCEEDINGS TO DATE

A. **Plaintiff's Complaint**

4. On June 29, 2012, Plaintiff filed a complaint styled New Jersey Back Institute a/s/o Juan Rodriguez v. Horizon Blue Cross Blue Shield of New Jersey, et al., Docket No.: L-4827-12 in the New Jersey State Court, Law Division, Essex County. (A copy of Plaintiff's Complaint is attached hereto as Exhibit "A").

5. On or after July 6, 2012, Plaintiff issued a Summons. (A copy of the Summons is attached hereto as Exhibit "B.")

6. The complaint filed by Plaintiff seeks to recover benefits for services rendered to Juan Rodriguez on unspecified dates of service pursuant to an employee benefit plan governed

2752393-01

by ERISA and is a claim for benefits within the meaning of Section 502(a) of ERISA, 29 U.S.C. § 1132(a).

## TIMELINESS

7. On July 9, 2012, Horizon first received a copy of the Complaint.

8. Horizon timely filed this Notice of Removal within thirty (30) days of its receipt of the Summons and Complaint as required by 28 U.S.C. §1446(b).

## GROUNDS FOR REMOVAL

9. Plaintiff, as a purported assignee of a plan beneficiary and a third party beneficiary of the benefit plan, seeks to recover benefits from Horizon under the terms of an employee benefit plan governed by ERISA, for services rendered on unspecified dates of service in the amount of $36,831.

10. Plaintiff does not allege that it has any contract or other agreement with Horizon.

11. Plaintiff's claim for benefits, as a matter of federal law, is governed by the terms and conditions of ERISA and therefore falls within the ambit of this Court's original federal question jurisdiction. See Egelhoff v. Egelhoff, 532 U.S. 141, 147-48 (2001)(terms and conditions of payment and administration of payment are, as a matter of federal law, governed exclusively by ERISA plans.)

12. It is well-settled that the "carefully integrated civil enforcement provisions" in ERISA Section 502 were "intended to be exclusive." Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54 (1987)(internal quotation marks omitted). Indeed the exclusivity of ERISA remedies is so strong that it permits removal of any purported state-law cause of action that amounts to an alternative mechanism for enforcing a claim to ERISA-governed benefits. See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987). The U.S. Supreme Court accordingly has instructed that any state-law claims that seek to collect benefits under the terms of ERISA plans

3

2752393-01

must be recharacterized as benefits claims under Section 502(a) of ERISA, and that such claims give rise to removal jurisdiction no matter how Plaintiff characterizes those claims. Id. at 65 (preemptive force of ERISA operates to "convert[]" ordinary state-law claims into federal claims for purposes of the well-pleaded complaint rule); Wood v. Prudential Ins. Co. of Am., 207 F.3d 674, 678 (3d Cir. 2000), cert. denied, 531 U.S. 927 (2000)("[c]omplete preemption is an exception to the well-pleaded complaint rule" and "does not depend on any type of relief requested in the complaint"); Parrino v. FHP, Inc., 146 F.3d 699, 704 (9th Cir. 1998)(complete preemption doctrine empowers courts to "look beyond the face of the complaint").

13. The present lawsuit is removable from state court to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1331 and § 1441(a), (b) and (c).

## VENUE

14. Plaintiff's action is pending in the Superior Court of New Jersey, Law Division, Essex County, New Jersey, which is within this judicial district. See 28 U.S.C. § 110. This Court is thus the proper venue for removal under 28 U.S.C. §§ 1441(a) & 1445(a).

## NOTICE

15. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff. (A copy of the Notice of Removal will be filed with the Clerk of the Superior Court of New Jersey, Essex County, Law Division in the form attached hereto as Exhibit "C").

## SUPPLEMENTAL JURISDICTION

16. To the extent that any of Plaintiff's claims do not relate to the denial of benefits under ERISA, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1367 and 1441(c).

2752393-01

## **CONCLUSION**

For the foregoing reasons, Defendant Horizon Blue Cross Blue Shield of New Jersey, respectfully demands that this action, previously pending in the Superior Court of New Jersey, Law Division, Essex County, be removed to this Court, and that this Court proceed as if this case had been originally initiated in this Court.

> CONNELL FOLEY LLP
> Liberty View
> 457 Haddonfield Rd., Ste. 230
> Cherry Hill, NJ 08002
> (856) 317-7100
>
> *Attorneys for Defendant*
> *Horizon Blue Cross Blue Shield of New*
> *Jersey*
>
> BY: _____
> Edward S. Wardell, Esquire
> Matthew A. Baker, Esquire

DATE: August 8, 2012

2752393-01

## CERTIFICATE OF SERVICE

I, Randi Vuich, of full age, hereby certify that the original of the within Notice of Removal has been filed with the Clerk, United States District Court for the District of New Jersey, via electronic filing, and that a copy of the within pleading has been served this date, via first-class mail, upon:

> Massood & Bronsnick, LLC
> 50 Packanack Lake Rd. East
> Wayne, NJ 07470
> *Attorneys for Plaintiff*

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

_____
Randi Vuich