# EXHIBIT A

**MASSOOD & BRONSNICK, LLC**
50 Packanack Lake Road East
Wayne, New Jersey 07470-6663
(973) 696-1900
Attorneys for: Plaintiff

| | |
|---|---|
| NEW JERSEY BACK INSTITUE a/s/o JUAN RODRIGUEZ, <br><br> Plaintiff(s), <br><br> v. <br><br> HORIZON BLUE CROSS BLUE SHIELD INSURANCE COMPANY; ABC CORP. (1-10) (Said names being fictitious and unknown entities), <br><br> Defendant(s), | SUPERIOR COURT OF NEW JERSEY <br> ESSEX COUNTY: LAW DIVISION <br><br> DOCKET NO: L-4827-12 <br><br> CIVIL ACTION <br><br> COMPLAINT AND JURY DEMAND |

The Plaintiff, New Jersey Back Institute a/s/o Juan Rodriguez, by way of Complaint against Defendants says:

### THE PARTIES

1. Plaintiff, New Jersey Back Institute (hereinafter referred to as "NJ Back" or "Plaintiff") is a physician's office that specializes in the treatment of spinal injuries, having its office located at 15-01 Broadway, Fair Lawn, NJ 07410. At all relevant times, the Plaintiff was an "out-of-network" medical practice that provided various surgical services to subscribers enrolled in the healthcare plans of Defendant.

2. Juan Rodriguez (hereinafter referred to as "Rodriguez") is a citizen of the United States residing at 92 Orchard Drive, Clifton, NJ 07012 and is a subscriber to a fully funded health insurance plan.

3. Defendant Horizon Blue Cross Blue Shield Insurance Company (hereinafter referred to as "Horizon") is an insurance company authorized to transact

insurance business throughout the State of New Jersey, which actively solicits customers from New Jersey, and is headquartered at 975 Raymond Boulevard, Newark, NJ 07105. Horizon is a managed care company consisting of several healthcare plans providing healthcare coverage and third party administration to its subscribers for both "in-plan" and "out-of-network" medical services.

4. Plaintiff received a written Assignment of Benefits agreement from Rodriguez, the aforementioned Horizon subscriber, of his contractual rights under the policy of group health insurance issued/managed by Horizon and thus, has standing to bring a civil action against Horizon.

## SUBSTANTIVE ALLEGATIONS

5. Horizon operates, controls and/or administers managed healthcare insurance plans providing health and medical coverage to its members and dependents. At all relevant times, Horizon provided certain members and/or their dependents with "out-of-network" benefits, enabling these individuals to gain access to the physicians (providers) of their choice, rather than limiting access only to "in-plan" physicians as would be true with a health maintenance organization plan.

6. Specifically, in this case, the Plaintiff provided the treating physicians for the medical procedures administered to Rodriguez. It is not disputed that all of the surgical procedures performed were "medically necessary" and were approved by Horizon.

7. The usual and customary fee, often referred to as the "reasonable and customary" fee, is defined, or is reasonably interpreted to mean, the amount that providers, like the Plaintiffs, normally charge to their patients in the free market, i.e. without

Maggoral & Bronsnick, LLC
Attorneys at Law

an agreement with an insurance company to reduce such a charge in exchange for obtaining access to the insurance company's subscribers. Moreover, the UCR fee means the usual charge for a particular service by providers in the same geographic area with similar training and experience.

8. In each instance, prior to Plaintiff rendering services, Horizon agreed to directly compensate Plaintiff their UCR fee for the services provided. Consequently, in each instance, Plaintiff reasonably believed and relied upon Horizon's express or implied representations that Plaintiff would be paid the UCR fee and it was on that basis, Plaintiff agreed to render the services.

9. Plaintiff submitted a bill to Defendant, Horizon, based on the reasonable and customary charges for its services, in the amount of $49,500.00. Horizon approved an allowed amount of $18,308.00, with a reduction of $4,000.00 for co-pay and/or co-insurance and a reduction of $1,639.00 for deductible. Therefore, Horizon issued payment to Plaintiff in the amount of $12,669.00. Horizon issued an Explanation of Benefits ("EOB") indicating that the remaining balance of $36,831.00 was not allowed. However, the portion designated by Horizon as "patient's responsibility" and "remaining balance" are in dispute since Plaintiff challenges the reasonable and customary charge ("UCR") allowed by Horizon for the subject date of service.

10. Based upon the foregoing, Plaintiff hereby demands payment in the amount of $36,831.00.

11. Plaintiff submitted appeals for reconsideration of the claim, and for further payment. Defendant failed to provide an appropriate response to the appeal,

Massood & Bronstock, LLC
Attorneys at Law

because they failed to provide a copy of the Summary Plan Description in a timely manner, they failed to give a detailed explanation as to how they determined the approved amount for payment on the dates of service at issue, and they failed to properly process the claims for payment. Furthermore, Defendant failed to properly advise Plaintiff about the appeal process and therefore, Defendant did not properly consider payment on appeal.

12. Defendant has not issued any further payments to Plaintiff.

13. By and through this lawsuit, Plaintiff now seeks damages, due to Defendant's actions that have resulted in Plaintiff not receiving payment for the significant medical services rendered.

## FIRST COUNT
### (Breach of Contract)

14. Plaintiff repeats and re-alleges all prior allegations as though fully set forth herein.

15. Horizon issued a policy of insurance to Mr. Rodriguez and her participating family members. Consequently, Horizon is obligated to provide health insurance to Mr. Rodriguez and her participating family members.

16. Horizon breached its contract with New Jersey Back Institute a/s/o Juan Rodriguez by failing to pay the reasonable and customary rate for the medical necessary services rendered under the terms of the insurance policy, by failing to properly respond to the appeal, and by failing to comply with the terms of the Summary Plan Description.

17. Consequently, NJ Back was damaged by Horizon's breach of contract.

WHEREFORE, Plaintiff requests judgment against Defendants for:

Massood & Bronsnick, LLC
Attorneys at Law

a) Compensatory damages;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the court deems equitable and just.

## SECOND COUNT
### (Promissory Estoppel)

18. Plaintiff repeats and re-alleges all prior allegations as though fully set forth herein.

19. NJ Back rendered medical services to Rodriguez, and therefore, Plaintiff expected to be paid its UCR fee for the medically necessary services.

20. In reliance upon Defendants' confirmation of coverage for medical services, prior to rendering services, NJ Back provided the Horizon subscriber with "medically necessary" care and medical treatment.

21. At no time did Defendant ever withdraw its confirmation of coverage for medical services based upon a reasonable and customary fee.

22. Despite Defendants' continued confirmation of coverage for medical services for a reasonable and customary fee payment, Defendants have not appropriately paid NJ Back for the medical services rendered.

23. Defendants' actions have therefore caused Plaintiff to suffer a detriment of a definite and substantial nature in reliance upon Defendants' promise to pay for medical services at a reasonable and customary fee thus constituting an actionable claim pursuant to the doctrine of promissory estoppel.

Massood & Bromwich, LLC
Attorneys at Law

24. Defendants' actions have therefore caused Plaintiff to suffer a detriment of a definite and substantial nature in reliance thereon, thus constituting an actionable claim pursuant to the doctrine of promissory estoppel.

25. NJ Back has suffered significant damages as a result.

WHEREFORE, Plaintiff requests judgment against Defendants for:

a) Compensatory damages;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

### THIRD COUNT
### (Negligent Misrepresentation)

26. Plaintiff repeats and re-alleges all prior allegations as though fully set forth herein.

27. Despite its confirmation of reasonable and customary payment for medically necessary services, prior to NJ Back's rendering of the services, Defendants negligently refused to pay the subject claims appropriately in accordance with said confirmation. Because of Defendants' negligent misrepresentation, NJ Back was paid less than the reasonable and customary rates.

28. Defendants' negligent misrepresentation of medical coverage for services rendered at a reasonable and customary payment was unknown to NJ Back at the time it agreed to perform the medical services for the subscribers and/or their dependents. Plaintiff reasonably expected and relied upon what it believed to be Defendants' honest representations that the Plaintiff would be properly

compensated in accordance with the medical coverage plan presented prior to the medical services being performed.

29. NJ Back's reliance on these representations was to its substantial detriment and as a result the Plaintiff suffered significant monetary damages.

30. By virtue of the foregoing, Defendants have committed negligent misrepresentation.

31. NJ Back has suffered significant damages as a result.

WHEREFORE, Plaintiff requests judgment against Defendants for:

a) Compensatory damages;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

### FOURTH COUNT
(Unjust Enrichment)

32. Plaintiff repeats and re-alleges all prior allegations as though fully set forth herein.

33. At all relevant times, Defendants consistently and systematically refused to pay Plaintiff reasonable and customary fees for the medical services rendered, contrary to Defendants' confirmation of payment terms.

34. Defendants have therefore been unjustly enriched through the use of funds that earned interest or otherwise added to its profits when said money should have been paid in a timely and appropriate manner to Plaintiff.

35. NJ Back has suffered significant damages as a result.

Massood & Bromwick, LLC
Attorneys at Law

WHEREFORE, Plaintiff requests judgment against Defendants for:

a) Compensatory damages;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

### FIFTH COUNT

36. Plaintiff repeats and re-alleges all prior allegations as though fully set forth herein.

37. On or about the aforementioned dates and place, Defendants, ABC Corporations 1 through 10, were parties responsible for the payments of Plaintiff's reasonable and customary fees.

WHEREFORE, Plaintiff requests judgment against Defendants for:

a) Compensatory damages;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

Massood & Bronsnick, LLC
Attorneys at Law

## DESIGNATION OF TRIAL COUNSEL

The undersigned hereby designates Andrew R. Bronsnick, Esq. as trial counsel for the within matter.

                                              MASSOOD & BRONSNICK, LLC.
                                              Attorneys for Plaintiffs
                                              BY: _____
                                                   ANDREW R. BRONSNICK, ESQ.

Dated: June 5, 2012

## JURY DEMAND

The undersigned hereby demands a trial by jury as to all issues.

## CERTIFICATION PURSUANT TO R. 4:5-1

The undersigned hereby certifies that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and no other action or arbitration proceeding is contemplated. There are no other known parties who should be joined to this action.

                                              MASSOOD & BRONSNICK, LLC
                                              Attorneys for Plaintiff

                                              ANDREW R. BRONSNICK, ESQ.

Massood & Bronsnick, LLC
Attorneys at Law

f:\wp51\majormed\njback\heyman\complaint 5.17.12.doc