IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY BACK INSTITUTE a/s/o JUAN RODRIGUEZ,<br><br>      Plaintiffs,<br><br>v.<br><br>HORIZON BLUE CROSS BLUE SHIELD INSURANCE COMPANY; ABC CORP. (1-10)(Said names being fictitious and unknown entities)<br><br>      Defendants. | CIVIL ACTION NO.: 12-4985 |

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendant Horizon Blue Cross Blue Shield of New Jersey (improperly pleaded as Horizon Blue Cross Blue Shield Insurance Company) ("Horizon") hereby answers the Complaint filed by Plaintiff New Jersey Back Institute a/s/o Juan Rodriguez and files the following Affirmative Defenses.

### THE PARTIES

1. Horizon admits only that Plaintiff is an out-of-network provider and does not have a contract with Horizon. Horizon is without sufficient knowledge to confirm or deny the remaining allegations contained within paragraph 1 of the Complaint and leaves Plaintiff to its proofs.

2. Horizon is without sufficient knowledge to confirm or deny the allegations contained within paragraph 2 of the Complaint and leaves Plaintiff to its proofs.

3. Horizon denies each and every allegation contained in paragraph 3 of the Complaint except to admit that Horizon is a not-for-profit health service corporation of the State

of New Jersey established under the Health Service Corporations Act, N.J.S.A. 17:47E-1 to -48, and is authorized to do business in the State of New Jersey with its principal place of business located at Three Penn Plaza, Newark, New Jersey.

4. Horizon denies each and every allegation contained in paragraph 4 of the Complaint. By way of further answer, any assignment of benefits as against Horizon is void and unenforceable as a matter of public policy. See Somerset Orthopedic Associates, P.A. v. Horizon Blue Cross Blue Shield of New Jersey, 345 N.J. Super. 410, 413-415 (App. Div. 2001).

## SUBSTANTIVE ALLEGATIONS

5. Horizon denies each and every allegation contained in paragraph 9 of the Complaint except to admit that Horizon administers a group health benefit plan which provides in-network benefits and in some instances provides out-of-network benefits.

6. Horizon denies that the services allegedly rendered were "medically necessary" and were approved by Horizon. Horizon is without sufficient knowledge to confirm or deny the remaining allegations within paragraph 6 of the Complaint and leaves Plaintiff to its proofs.

7. Horizon denies each and every allegation contained in paragraph 7 of the Complaint.

8. Horizon denies each and every allegation contained in paragraph 8 of the Complaint.

9. Horizon denies each and every allegation contained in paragraph 9 of the Complaint except to admit only that the claims at issue were properly processed and paid in accordance with the terms, conditions, exclusions and limitations of the applicable health benefit plan.

2764550-01

10. Horizon denies each and every allegation contained within paragraph 10 of the Complaint.

11. Horizon denies each and every allegation contained within paragraph 11 of the Complaint.

12. Horizon denies each and every allegation contained within paragraph 12 of the Complaint except to admit only that the claims at issue were properly processed and paid in accordance with the terms, conditions, exclusions and limitations of the applicable health benefit plan.

13. The averments contained in paragraph 13 of the Complaint are nothing more than legal conclusions to which no answer is required. To the extent that an answer is deemed necessary, Horizon denies each and every allegation contained within paragraph 13 of the Complaint.

**WHEREFORE**, Horizon demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

## FIRST COUNT
### (Breach of Contract - Horizon)

14. Horizon repeats and incorporates by reference its answers to the proceeding allegations of the Complaint.

15. Horizon denies each and every allegation contained within paragraph 15 of the Complaint except to admit only that Juan Rodriguez receives health benefits pursuant to the terms, conditions, exclusions and limitations of the applicable fully insured health benefit plan issued by Horizon.

16. Horizon denies each and every allegation contained within paragraph 16 of the Complaint.

17. Horizon denies each and every allegation contained within paragraph 17 of the Complaint.

**WHEREFORE**, Horizon demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

## SECOND COUNT
### (Promissory Estoppel)

18. Horizon repeats and incorporates by reference its answers to the proceeding allegations of the Complaint.

19. Horizon denies each and every allegation contained within paragraph 19 of the Complaint.

20. Horizon denies each and every allegation contained within paragraph 20 of the Complaint.

21. Horizon denies each and every allegation contained within paragraph 21 of the Complaint.

22. Horizon denies each and every allegation contained within paragraph 22 of the Complaint.

23. Horizon denies each and every allegation contained within paragraph 23 of the Complaint.

24. Horizon denies each and every allegation contained within paragraph 24 of the Complaint.

25. Horizon denies each and every allegation contained within paragraph 25 of the Complaint.

**WHEREFORE**, Horizon demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

2764550-01

## THIRD COUNT
### (Negligent Misrepresentation)

26. Horizon repeats and incorporates by reference its answers to the proceeding allegations of the Complaint.

27. Horizon denies each and every allegation contained within paragraph 27 of the Complaint.

28. Horizon denies each and every allegation contained within paragraph 28 of the Complaint.

29. Horizon denies each and every allegation contained within paragraph 29 of the Complaint.

30. Horizon denies each and every allegation contained within paragraph 30 of the Complaint.

31. Horizon denies each and every allegation contained within paragraph 31 of the Complaint.

**WHEREFORE**, Horizon demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

## FOURTH COUNT
### (Unjust Enrichment)

32. Horizon repeats and incorporates by reference its answers to the proceeding allegations of the Complaint.

33. Horizon denies each and every allegation contained within paragraph 33 of the Complaint.

34. Horizon denies each and every allegation contained within paragraph 34 of the Complaint.

2764550-01

35. Horizon denies each and every allegation contained within paragraph 35 of the Complaint.

**WHEREFORE**, Horizon demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

### FIFTH COUNT

36. Horizon repeats and incorporates by reference its answers to the proceeding allegations of the Complaint.

37. The allegations contained in paragraph 37 of the Complaint are not directed towards Horizon and therefore no response is required. To the extent an answer is deemed necessary, Horizon is without sufficient knowledge to confirm or deny the allegations within paragraph 37 of the Complaint and leaves Plaintiff to its proofs.

**WHEREFORE**, Horizon demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

CONNELL FOLEY LLP
Liberty View
457 Haddonfield Rd., Ste. 230
Cherry Hill, NJ 08002
*Attorneys for Defendant*
*Horizon Blue Cross Blue Shield*
*of New Jersey*

BY: _____
Edward S. Wardell, Esquire
Matthew A. Baker, Esquire

DATE:   August 31, 2012

2764550-01

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by the express terms of the applicable health benefit plan.

3. Plaintiff's claim seeks benefits that are not eligible for coverage according to the terms of the relevant health benefit plan.

4. Plaintiff's claims are barred because Plaintiff lacks any contract with Horizon.

5. Horizon did not violate any legal or contractual duty owed to Plaintiff.

6. Horizon acted reasonably and in good faith with Plaintiff at all times.

7. The Complaint is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq. and the Plaintiffs are limited to remedies thereunder as against Horizon which are limited to payment of benefits that were allegedly denied.

8. Plaintiff's claims are expressly and completely preempted in whole or in part by Sections 502(a) and 514(a) of ERISA, 29 U.S.C. §§1132(a) and 1144(a).

9. Plaintiff's claims are barred by reasons of the Doctrines of Waiver, Laches, Unclean Hands and/or Estoppel.

10. The complaint may be barred by the applicable Statute of Limitations.

11. Plaintiff's claims are barred because Plaintiff lacks standing to pursue this action.

12. Plaintiff has failed to exhaust all appeal rights under the applicable health benefit plan. Thus, the Complaint is premature and must be dismissed.

13. Plaintiff's claims are barred because Horizon fulfilled all its obligations under the health benefits plan and/or policies of insurance.

2764550-01

14. Horizon reserves the right to amend its answer to assert additional defenses and/or supplement, alter or change its answers upon completion of the appropriate investigation and discovery.

**WHEREFORE**, Horizon demands judgment in its favor and against Plaintiff dismissing the Complaint with prejudice and for an award of attorney's fees and costs.

CONNELL FOLEY LLP<br>
Liberty View<br>
457 Haddonfield Rd., Ste. 230<br>
Cherry Hill, NJ 08002<br>
*Attorneys for Defendant*<br>
*Horizon Blue Cross Blue Shield*<br>
*of New Jersey*

BY: _____
Edward S. Wardell, Esquire
Matthew A. Baker, Esquire

DATE:   August 31, 2012

## COUNTERCLAIM

Horizon Blue Cross Blue Shield of New Jersey (hereinafter "Horizon"), improperly plead as Horizon Blue Cross Blue Shield Insurance Company, files the following counterclaim against the New Jersey Back Institute.

**I.   PARTIES**

1. Horizon is a not-for-profit health service corporation organized under the New Jersey Health Service Corporation Act, N.J.S.A. 17:48E-1 et seq., with its principle place of business a 3 Penn Plaza East, Newark, New Jersey. Among other things, Horizon provides health coverage and benefits for subscribers in New Jersey.

2. Counterclaim-Defendant New Jersey Back Institute is a physician's office that allegedly specializes in the treatment of spinal injuries, having its office located at 15-01 Broadway, Fair Lawn, NJ 07410. At all relevant times, Counterclaim-Defendant was an "out-of-network" provider that did not participate in Horizon's network.

**II.   THE SUBMISSION OF CLAIMS FOR PAYMENT**

3. Counterclaim-Defendant allegedly rendered services to Horizon member Juan Rodriguez on or about March 26, 2009

4. In connection with the services rendered, Counterclaim-Defendant prepared and submitted a standard health insurance claim to Horizon for payment, commonly known as form CMS 1500.

5. In submitting the health insurance claim to Horizon, Counterclaim-Defendant used Current Procedural Terminology ("CPT") Codes to describe the services provided. A CPT Code is a five digit code which identifies and describes the procedures and services performed

2764550-01

by the provider in accordance with a systematic listing published by the American Medical Association.

### A. Charges Submitted by Counterclaim-Defendant

6. The CMS 1500 claim form submitted by Counterclaim-Defendant for the March 26, 2009 services included two (2) separate claims, one for CPT code 63056 with modifier 62 and one for CPT code 63057 with modifier 62

7. The CPT code 63056 pertains to surgery with respect to the nervous system and is described as "lumbar (including transfacet, or lateral extraforaminal approach)(eg, far lateral herniated intervertebral disc). Modifier 62 indicates the presence of two (2) surgeons.

8. The CPT code 63057 pertains to surgery with respect to the nervous system and, used in conjunction with CPT code 63056, is described as "each additional segment, thoracic or lumbar (List separately in addition to code for primary procedure). Modifier 62 indicates the presence of two (2) surgeons.

9. In conjunction with the services rendered on March 26, 2009, Counterclaim-Defendant submitted charges totaling $49,500; for CPT 63056 Counterclaim-Defendant submitted a charge of $33,000 and for CPT 63057 Counterclaim-Defendant submitted a charge of $16,500.

### B. Horizon's Proper Processing and Denial of the Claim under the Terms of the Applicable Health Benefits Plan

10. Pursuant to Horizon BCBSNJ Uniform Evidence Based Medical Policy Manual, Policy Number 077, laser discectomy and DISC nucleopasty are considered investigational as techniques of disc decompression and treatment of associated pain.

11. The applicable health benefits plan clearly defines what services are both covered and excluded from coverage under the plan.

2764550-01

12. The plan clearly states "The following are not Covered Services and Supplies under this Program. Horizon BCBSNJ will not pay for any charges Incurred for, or in connection with: ... Experimental or investigational treatments ... ."

13. Horizon determined that, pursuant to both Policy 77 and the applicable health benefits plan, the claims submitted were investigational and therefore not covered under the plan.

14. Horizon notified Counterclaim-Defendants that the claims submitted were denied and no payment would be issued based on both the language of Policy 77 and the terms of the applicable health benefits plan.

### C. Counterclaim-Defendant's Repeated Requests for Payment and Horizon's Mistaken Overpayment of the Claim

15. After receiving notice of the denial, Counterclaim-Defendant repeatedly made follow up demands to Horizon for payment.

16. Counterclaim-Defendant called Horizon customer service and threatened to file a complaint if payment was not made on the claims submitted, alleging that payment was due, as Counterclaim-Defendant submitted copies of the operative report, corrected claim and no-fault information that PIP benefits were exhausted.

17. On the basis of this information, on or about January 18, 2012, Horizon erroneously approved an allowed amount of $18,308 and paid $12,699 to Counterclaim-Defendant for the services rendered on March 26, 2009.

19. The claim should never have been reprocessed for payment because a no-fault EOB does not supersede Horizon's medical policy guidelines.

19. Horizon's initial determination and denial of the claim was correct.

11

2764550-01

**D.  Authority to "Recap" the Mistaken Payment Pursuant to N.J.SA. §17B:27-44.2(d)(10)**

20. Pursuant to the Health Claims Authorization, Processing and Payment Act (HCAPPA), Horizon is authorized to seek reimbursement for overpayment of a claim previously paid no later than 18 months after the date of the first payment on the claim was made. N.J.S.A. §17B:27-44.2(d)(10).

21. The mistaken overpayment of the claim was made on or about January 18, 2012 therefore, Horizon can "recap" the payment anytime before July 18, 2013.

22. Horizon now seeks to recover the mistaken overpayment of $12,699 as Horizon is authorized to do pursuant to HCAPPA.

## COUNT ONE
## Recap of Payment Pursuant to HCAPPA

23. Horizon repeats and incorporates by reference the allegations contained in paragraphs 1 through 22 of its Counterclaim.

24. Pursuant to Policy 77 and the terms of the applicable health benefits plan, Horizon properly denied payment for the claims submitted by Counterclaim-Defendant for the March 26, 2009 services at issue.

25. Horizon mistakenly made an overpayment on the claims on or about January 18, 2012.

26. Pursuant to N.J.S.A. §17B:27-44.2(d)(10), Horizon is authorized to seek reimbursement for the overpayment made on this claim.

27. Horizon now seeks to "recap" the overpayment of $12,699 made to Counterclaim-Defendant as the claims submitted were excluded from coverage under the terms of the applicable health benefits plan.

2764550-01

**WHEREFORE**, Horizon demands judgment in its favor and against Counterclaim-Defendant for all its damages, including costs of suit and attorneys' fees and for such other relief as the Court may determine.

## COUNT TWO
### Unjust Enrichment

28. Horizon repeats and incorporates herein by reference the allegations contained in paragraphs 1 through 27 of its Counterclaim.

29. On or about January 18, 2012, Horizon made a mistaken overpayment of benefits to Counterclaim-Defendant to which Counterclaim-Defendant was not entitled under the clears terms of the applicable health benefits plan.

30. As a result of this overpayment, Counterclaim-Defendant was unjustly enriched.

**WHEREFORE**, Horizon demands judgment in its favor and against Counterclaim-Defendant for all its damages, including costs of suit and attorneys' fees and for such other relief as the Court may determine.

CONNELL FOLEY LLP
Liberty View
457 Haddonfield Rd., Ste. 230
Cherry Hill, NJ 08002
*Attorneys for Defendant*
*Horizon Blue Cross Blue Shield*
*of New Jersey*

BY: _____
Edward S. Wardell, Esquire
Matthew A. Baker, Esquire

DATE:   August 31, 2012

## **DESIGNATION OF TRIAL COUNSEL**

Please be advised that Matthew A. Baker, Esquire is designated for trial counsel for Defendant Horizon Blue Cross Blue Shield of New Jersey.

                    CONNELL FOLEY LLP
                    Liberty View
                    457 Haddonfield Rd., Ste. 230
                    Cherry Hill, NJ 08002
                    *Attorneys for Defendant*
                    *Horizon Blue Cross Blue Shield*
                    *of New Jersey*

BY: _____
                    Edward S. Wardell, Esquire
                    Matthew A. Baker, Esquire

DATE:   August 31, 2012

## CERTIFICATE OF SERVICE

I, Randi P. Vuich, of full age, hereby certify that the within Answer and Affirmative Defenses has been electronically filed with the Clerk within the time and in the manner prescribed by the Rules of Civil Procedure and that a copy of the within pleading has been served this date, via email and first-class mail, postage prepaid, upon:

>Massood & Bronsnick, LLC
>50 Packanack Lake Rd. East
>Wayne, NJ 07470
>*Attorneys for Plaintiff*

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Randi P. Vuich

DATE:   August 31, 2012

2764550-01