NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY BACK INSTITUTE A/S/O JUAN RODRIGUEZ,<br><br>        Plaintiff,<br><br>  v.<br><br>HORIZON BLUE CROSS BLUE SHIELD INSURANCE COMPANY, ABC CORP. (1-10),<br><br>        Defendants. | Civil Action No. 2:12-4985 (SDW)<br><br>**OPINION**<br><br>**February 27, 2014** |

**WIGENTON**, District Judge.

      Before this Court is Defendant Horizon Blue Cross Blue Shield of New Jersey's[1] ("Horizon") Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1441 and 28 U.S.C. § 1446. This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the Defendant's Summary Judgment Motion is **GRANTED IN PART AND DENIED IN PART**.

---

[1] Defendant was pled as "Horizon Blue Cross Blue Shield Insurance Company" but identifies itself as "Horizon Blue Cross Blue Shield of New Jersey."

I.      **FACTS AND PROCEDURAL HISTORY**

Plaintiff New Jersey Back Institute ("NJBI") is a Fair Lawn, NJ based physician's office specializing in the treatment of spinal injuries. (Compl., ¶ 1.) On March 26, 2009, NJBI performed a "posterolateral endoscope assisted lumbar discectomy, laser anuloplasty at L4-5 and L3-4 from the right and at L5-S1 from the left" on Juan Rodriguez ("Rodriguez"). (Certification of Catherine Benitez (hereinafter, "Benitez Cert."), Exhibit C (July 16, 2013).) Rodriguez was insured by Horizon through an employee health benefit plan issued by his employer (the "Plan"). (Def.'s Statement of Undisputed Material Facts "SUF" ¶¶ 4, 11.) Horizon is a not-for-profit New Jersey health service corporation that, *inter alia*, provides health benefits and administers benefits for participants and beneficiaries of employee health benefit plans governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*. (*Id.* ¶¶ 1-2.)

After the March 26 procedure, NJBI submitted a bill to Horizon in the amount of $49,500 for the services rendered to Rodriguez. (Compl., ¶ 9; Def.'s SUF ¶ 5.) Horizon initially denied coverage, determining that the procedure codes submitted for the claim reflected investigational codes, which were not covered under the Plan. (Def.'s SUF ¶ 22.) Horizon later reprocessed the claim on or about January 18, 2012, concluding that $18,308 was covered. (*Id.* ¶ 25.) Horizon therefore paid NJBI $12,669 after it subtracted the $4,000 coinsurance and $1,639 deductible, which Horizon advised were Rodriguez's responsibility. (*Id.* ¶¶ 7, 25.) NJBI contested the amount of Horizon's payment and submitted a first level appeal on or about February 7, 2012. (*Id.* ¶ 28.) Horizon responded to NJBI's appeal via letter dated February 23, 2012, in which Horizon explained that, because NJBI did not participate in Horizon's Managed Care Network, payment was made at the 70th percentile of the Health Insurance Association of America ("HIAA") allowable amount as per the Plan. (*Id.* ¶¶ 30-31.) Horizon thus upheld its decision. (*Id.* ¶ 31.)

NJBI then submitted a second level appeal to Horizon on or about March 8, 2012, with Horizon again upholding its decision on or around March 31, 2012. (*Id.* ¶ 32-34.) Notably, despite two levels of appeal, Horizon did not advise NJBI that its decision to cover the claim was erroneously made. (Pl.'s Statement of Undisputed Material Facts ("SUF") ¶¶ 31, 34.)

After exhausting Horizon's internal appeals process, on or around June 29, 2012, NJBI filed a Complaint in the New Jersey Superior Court, Law Division, Essex County, Docket No.: L-4827-12 (the "State Court Action"). (Dkt. No. 1.) The five-count Complaint asserts common law claims sounding in breach of contract, promissory estoppel, negligent representation, and unjust enrichment. (*See generally*, Compl.) The gravamen of NJBI's claims is that it is entitled to recover the remaining $36,831 for services rendered to Rodriguez because Horizon allegedly failed to provide a proper response to NJBI's appeals and allegedly failed to provide any explanation for its determinations. (Compl., ¶¶ 10-13.) On August 8, 2012, Horizon removed the State Court Action to the District of New Jersey. (Dkt. No. 1.) Horizon filed a counterclaim pursuant to the Health Claims Authorization, Processing and Policy Act, *N.J.S.A.* § 17B:27-44.2(d), seeking to recoup the $12,669 payment it made to NJBI, which it alleges was erroneously made. (Def.'s Counterclaim, ¶¶ 24-27.)

## II.  LEGAL STANDARD

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine if a reasonable jury could return a verdict for the nonmovant, and it is material if, under the substantive law, it would affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be

insufficient to permit the nonmoving party to carry its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Once the moving party meets the initial burden, the burden then shifts to the nonmovant who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials of its pleadings. *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001). The court may not weigh the evidence and determine the truth of the matter but rather, must determine whether there is a genuine issue as to a material fact. *Anderson*, 477 U.S. at 249. In doing so, the court must construe the facts and inferences in "a light most favorable" to the nonmoving party. *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520-21 (1991). The nonmoving party "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. United States Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (quoting *Celotex Corp.*, 477 U.S. at 325). If the nonmoving party "fail[s] to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," then the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 323.

In actions contesting the denial of ERISA plan benefits, the Court will use either one of two different standards to review the plan administrator's decision. If the plan gives the administrator discretionary authority to determine eligibility or construe the terms of the plan, then the administrator's decision will be reviewed under a deferential "arbitrary and capricious" or "abuse of discretion" standard, but if the plan does not confer such discretion, then the administrator's decision will be reviewed de novo. *McLeod v. Hartford Life & Accident Ins. Co.*, 372 F.3d 618, 623 (3d Cir. 2004) (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). Here, it is uncontested that the plan confers broad discretion on Horizon to determine

eligibility for benefits. (Def.'s SUF ¶¶ 11-14.) Accordingly, Defendant's decision will be reviewed under the deferential arbitrary and capricious standard.

### III. DISCUSSION

#### A. Preemption Under ERISA

As a threshold matter, Horizon argues that it is entitled to summary judgment because ERISA completely preempts NJBI's state law causes of action—the only claims that NJBI asserts. (Def.'s Br. 14-16.) NJBI does not appear to contest whether ERISA preempts its state law claims, but instead argues that the issue of whether Horizon violated ERISA is reserved for the factfinder. (Pl.'s Br. 11-14.)

ERISA contains two preemption clauses. First, § 502(a) allows a beneficiary or participant of an ERISA-regulated plan to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Under § 502(a)'s civil enforcement scheme, a beneficiary may recover accrued benefits due, obtain a declaratory judgment with respect to the entitlement to benefits, or obtain injunctive relief requiring the administrator to pay improperly denied benefits. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 53 (1987). It thus follows that if NJBI's claims fall within the scope of ERISA's civil enforcement provisions, they are completely preempted. *See Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 271-72 (3d Cir. 2001).

ERISA's second preemption clause, § 514(a), explicitly "supercede(s) any and all State laws insofar as they . . . relate to any employee benefit plan." 29 U.S.C. § 1144(a). The Supreme Court repeatedly instructs that § 514(a)'s express preemption provisions are far-reaching. In *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-99 (1983), for example, the High Court discusses how the

bill that became ERISA originally contained a limited preemption provision that was later rejected in favor of the current broad language.  *See FMC Corp. v. Holliday*, 498 U.S. 52, 58-59 (1990); *Pilot Life Ins. Co.*, 481 U.S. at 45-46.  Preemption under § 502(a) is "'jurisdictional and creates a basis for removal to federal court, [while] § 514(a) . . . governs the [substantive] law that will apply to state law claims, regardless of whether the case is brought in state or federal court.'" *Pryzbowski*, 245 F.3d at 277 (citing *Lazorko* v. *Pennsylvania Hosp.*, 237 F.3d 242, 248 (3d Cir. 2000)).

Here, NJBI, through state law claims, challenges the amount or quantum of benefits due under an ERISA–regulated plan.  Specifically, NJBI challenges the amount Horizon remitted to it for the procedure it performed on Rodriguez.  The Third Circuit has consistently determined that "claims challenging the quantum of benefits due under an ERISA-regulated plan are completely preempted under § 502(a)'s civil enforcement scheme." *Pryzbowski*, 245 F.3d at 274; *see also Lazorko*, 237 F.3d at 248 ("One example of complete preemption is a claim for denial of benefits under an ERISA plan. Such a claim comes under ERISA's civil enforcement provision, § 502(a)(1)(B)."); *In re U.S. Healthcare, Inc.*, 193 F.3d 151, 161-62 (3d Cir. 1999) (reaffirming the principle that claims seeking to enforce plaintiff's rights to obtain benefits under an ERISA-regulated plan are preempted under §502(a)).  Consequently, NJBI's claims are preempted under ERISA and are properly before this Court.

To the extent NJBI's asserts claims under ERISA, such claims fail.  As noted above, the Plan gives Horizon broad discretion to determine the eligibility for benefits.  Thus, Horizon's determination is reviewed in accordance with the "arbitrary and capricious standard."  *See Smathers v. Multi-Tool, Inc.*, 298 F.3d 191, 194 (3d Cir. 2002) (citing *Firestone Tire & Rubber Co v. Bruch*, 489 U.S. 101, 105 (1989)).  Under this standard, this Court may overturn Horizon's

determination "only if it is 'without reason, unsupported by substantial evidence or erroneous as a matter of law.'" *McLeod v. Hartford Life & Accident Ins. Co.*, 372 F.3d 618, 623 (3d Cir. 2004) (quoting *Abnathya v. Hoffmann-La Roche, Inc.*, 2 F.3d 40, 45 (3d Cir. 1993)).

Under the terms of the Plan, Horizon determines the amount that it reimburses medical providers, which is defined as the "allowance." (Benitez Cert., Ex. A, 7.) The Plan specifies that the subscriber "may be responsible for paying charges which exceed [Horizon's] Allowance, when services are rendered by an Out-of-Network Provider." (Def.'s SUF, ¶ 19.) The Plan further explains that "Services and supplies provided by an Out-of-Network Provider, are covered at the Out-of-Network level." (*Id.* ¶ 17.) The Plan notes that the allowance to be paid for out-of-network providers is the 70th percentile of HIAA. (*Id.* ¶ 16.) After Horizon initially denied NJBI's claim, it reprocessed the claim and determined that the allowed amount was $18,308. (*Id.* ¶ 25.) Horizon therefore reimbursed NJBI $12,699, which was the resulting sum after deducting Rodriguez's co-pay and co-insurance from the allowed amount. (*Id.* at ¶¶ 6, 7, 25.) Unsatisfied with this conclusion, NJBI submitted two appeals; both resulted in Horizon advising NJBI that because it did not participate in Horizon's network, NJBI was correctly reimbursed at the 70th percentile of HIAA. (*Id.* ¶¶ 28-34.) Accordingly, Horizon's benefits determination is firmly rooted in the Plan's plain language. NJBI does not advance any evidence demonstrating that it is an "in-network" provider or otherwise entitled to a payment of additional benefits. Accordingly, Horizon's determination was neither arbitrarily nor capriciously made. Therefore, Horizon's summary judgment motion with respect to NJBI's ERISA claims is granted.

    **B.**    **Horizon's Claim to Recover Its Reimbursement and Attorneys' Fees**

    **a. Reimbursement**

7

Horizon claims that it is entitled to "recoup" the payment it made to NJBI because the payment was made erroneously. (Def.'s Br. 19.) Horizon argues that the payment was erroneously made because the procedure Rodriguez underwent was "experimental and investigational" as defined by the Plan. (*Id.*) Horizon maintains that experimental and investigational procedures are not covered under the Plan and thus, the payment to NJBI was made in error. (*Id.*)

Horizon's position is without merit. Even if Horizon erroneously made the payment to NJBI, it has waived its right to assert the Plan's "experimental and investigational" provision to deny coverage. The Third Circuit defines waiver as the intentional and voluntary relinquishment of a known right. *Boylan v. Jackson Nat'l Life Ins. Co., Inc.*, 353 Fed. Appx. 708, 711 (3d Cir. 2009); *Elizabethtown Water Co. v. Hartford Cas. Ins. Co.*, 15 F. Supp. 2d 561, 565 (D.N.J. 1998). Horizon undoubtedly waived the applicability of the "experimental and investigational" clause when it first denied coverage on this ground but later reversed course and determined that coverage applied. As such, Horizon intentionally and voluntarily relinquished its contractual right to deny coverage based upon the "experimental and investigational" provision. Therefore, summary judgment is denied on Horizon's counterclaim that seeks to recoup the payment it made to NJBI.

It should be noted that estoppel also applies to prevent Horizon from asserting the "experimental and investigational" provision as a basis for denying coverage. "Estoppel is an equitable doctrine invoked by the courts to preclude a party from asserting a claim or defense which is premised upon that party's wrongdoing." *U.S. v. Board of Educ. of the City of Union City*, 697 F. Supp. 167, 178 (D.N.J. 1988) (citing *Lovell Mfg., a Div. of Patterson-Erie Corp., v. Export-Import Bank of U.S.*, 777 F.2d 894, 898 (3d Cir. 1985)). "Estoppel requires 1) words, acts, conduct or acquiescence causing another to believe in the existence of a certain state of things; 2) willfulness or negligence with regard to the acts, conduct or acquiescence; and 3) detrimental

reliance by the other party upon the state of things so indic[a]ted." *Lovell Mfg.*, 777 F.2d at 898 (citing *Federal Deposit Ins. Corp. v. Harrison*, 735 F.2d 408, 413 (11th Cir. 1984)).

After Horizon initially denied NJBI's claim based on the "experimental and investigational" provision, Horizon never again raised this clause as potentially precluding coverage despite two internal appellate reviews. In fact, Horizon concedes that it did not advance the clause as a bar to coverage again until Horizon filed its counterclaim in this matter. (Def.'s Br. 19.) NJBI relied on Horizon's failure to raise this clause as a bar to coverage. To be sure, when discussing Horizon's recent assertion of the clause to refuse coverage, NJBI argues that had it "been provided with specific detail regarding the basis for the reimbursement and denial of payment now sought by Horizon, then [NJBI] would have addressed every concern more thoroughly and specifically as part of the administrative appeal process." (Pl.'s Br. 12.) Thus, Horizon's summary judgment motion is denied with respect to its counterclaim.

### b. Attorneys' Fees

Likewise, summary judgment is denied with respect to Horizon's application for attorneys' fees and costs. (Def.'s Br. 20.) ERISA grants district courts broad discretion to award any party attorneys' fees and costs in an ERISA action. *See* 29 U.S.C. § 1132(g). To guide district courts, the Third Circuit in *McPherson v. Employees' Pension Plan of America Re-Insurance. Co., Inc.*, 33 F.3d 253, 254 (3d Cir. 1994), set forth five factors that courts may consider:

> (1) the offending parties' culpability or bad faith; (2) the ability of the offending parties to satisfy an award of attorneys' fees; (3) the deterrent effect of an award of attorneys' fees against the offending parties; (4) the benefit conferred on members of the pension plan as a whole; and (5) the relative merits of the parties' position.

*Id.* (citing *Ursic v. Bethlehem Mines*, 719 F.2d 670, 673 (3d Cir.1983)).

9

In short, there is no basis for Horizon to be awarded attorneys' fees and costs. Nothing in the record indicates bad faith on the part of NJBI in bringing this action. NJBI exhausted Horizon's internal appellate process and bringing this action was simply the next step in NJBI attempting to obtain monies to which it believes it is entitled. As such, summary judgment is denied on Horizon's application for attorneys' fees and costs.

## CONCLUSION

For the reasons stated above, Defendant's Summary Judgment Motion is granted in part and denied in part.

s/ Susan D. Wigenton, U.S.D.J.

Orig:      Clerk
cc:        Judge Arleo
           Parties